UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIM HARMSEN, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 3:24-CV-202-DRL-SJF |
| EASTERN PULASKI COMMUNITY SCHOOL CORPORATION, | |
| Defendant. | |

**OPINION and ORDER**

Several motions are pending before the Court, including motions requesting extensions of time for certain deadlines, including those previously set by the Court's Rule 16(b) Scheduling Order entered on May 16, 2025. [DE 63 *as amended by* DE 95]. Specifically, on August 29, 2025, Defendant Eastern Pulaski Community School Corporation filed its Motion to Compel [DE 79], along with its N.D. Ind. L.R. 37-1 Certification [DE 80] and Memorandum [DE 81] filed in support. In response, on September 2, 2025, Plaintiffs filed their Motion for Extension of Time to Respond to Discovery and Response to Defendant's Motion to Compel. [DE 82]. Defendant filed its Response to Plaintiffs' motion on September 16, 2025. [DE 83], and Plaintiffs timely replied on September 23, 2025. [DE 84].

Further, on October 31, 2025, Plaintiffs filed their own Motion to Compel [DE 85], but did not file a N.D. Ind. L.R. 37-1 certification or a memorandum in support of their motion. Also on October 31, 2025, Plaintiffs filed another motion, requesting that the

Court extend the fact discovery deadline previously set by its Scheduling Order by 90 days, and to adjust certain other dependent deadlines to match the requested fact discovery extension by 90 days as well. Defendant filed its response in opposition to Plaintiffs' motion to compel on November 11, 2025 [DE 88], and its opposition to Plaintiffs' requested extension on November 3, 2025 [DE 87]. On November 11, 2025, Plaintiffs timely replied in support of their request for an extension [DE 89]. On November 19, 2025, Plaintiffs filed a motion for leave to file their reply in support of their motion to compel a day after the deadline for them to reply expired [DE 90], with the proposed reply attached as an exhibit [DE 90-1]. Defendant responded in opposition on November 20, 2025 [DE 91], and Plaintiff replied on November 24, 2025 [DE 92].

The time for the parties to file anything further in support of their motions outlined *supra* has long-since passed, therefore these motions are ripe for ruling. *See* N.D. Ind. L.R. 7-1(d). Further, the Plaintiffs filed a Renewed Motion to Extend the Discovery Deadline, filed on February 11, 2026 [DE 96]. Plaintiffs' motion notes that it is opposed. [DE 96 at 4, ¶ 18]. Even though Defendant has not yet responded to this motion, the Court finds it appropriate to address the extension request in this order even though the response timeframe of 14 days generally afforded to an adverse party to file a response, has not passed. N.D. Ind. L.R. 7-1(d)(3). The rationale Plaintiffs provide in support of their requested extension echo the arguments found in their earlier motion.

The Court addresses the motions outlined *supra* chronologically.

## I.   LEGAL STANDARDS RELATED TO DISCOVERY

The parties' motions chiefly are concerned with written discovery. The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Such discoverable information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. The court may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to requests for admission or requests for production of documents. Fed. R. Civ. P. 37(c); *see also Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009). "A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond*, 2009 WL 212974, at *1 (citation omitted). While a discovery request is entitled to "broad and liberal treatment," *Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855

3

(7th Cir. 1963), a discovery request, "like all matters of procedure, has ultimate and necessary boundaries," *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The moving party generally bears the burden of proving that the discovery it seeks is relevant to the case. *See United States v. Lake Cty. Bd. of Comm'rs*, No. 2:04 CV 415, 2006 WL 978882, at *1 (N.D. Ind. Apr. 7, 2006) (citations omitted). Conversely, "[t]he party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Bd. of Trs. of the Univ. of Ill. v. Micron Tech., Inc.*, No. 211-cv-02288-SLD-JEH, 2016 WL 4132182, at *3 (C.D. Ill. Aug. 3, 2016) (collecting cases).

## II. DEFENDANT'S MOTION TO COMPEL [DE 79] AND PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY AND RESPONSE TO DEFENDANT'S MOTION TO COMPEL [DE 82]

Defendant's motion to compel seeks full and complete written responses to written discovery Defendant tendered to Plaintiff Tim Harmsen on May 12, 2025, and Plaintiff on Sara Harmsen on May 23, 2025. [DE 81 at 1]. In response, Plaintiffs convey that complete responses were provided by August 29, 2025, the same day that Defendant's motion was filed. [DE 82 at 3, ¶¶ 16-20]. Plaintiffs' explanation for the delay is that "Plaintiff Tim Harmsen has been out of the country for work and has been unable to finalize his responses." [DE 82 at 4, ¶ 26]. Plaintiffs further state that they had to review certain responsive material from prior administrative proceedings "carefully, cross-reference prior testimony and responses, and ensure consistency, extending the preparation process." [DE 84 at 6, ¶ 30]. As a result, Defendant agrees that its motion should be denied as moot, but that it still is entitled to fees under Fed. R. Civ. P. 37(a)(5)(A). Accordingly, Plaintiffs' motion for an extension is denied as moot as well.

4

The Court also acknowledges Defendant's request that the Court award its reasonable expenses, including attorney's fees, incurred in filing the instant motion. Rule 37(a)(5)(A) mandates that the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.* Despite Defendant's arguments to the contrary, the Court is persuaded that Plaintiffs' review of materials from prior administrative proceedings and Plaintiff Tim Harmsen's obligations to travel for work substantially justify the delay in providing his and Sara Harmsen's discovery responses. Therefore, the Court declines to award Defendant its reasonable expenses for the instant motion .

### III. PLAINTIFFS' CONTESTED MOTION TO COMPEL DISCOVERY [DE 85] AND PLAINTIFFS' CONTESTED MOTION FOR LEAVE TO BELATEDLY FILE REPLY IN SUPPORT OF MOTION TO COMPEL [DE 90]

Next, the Court addresses the Plaintiffs' motion to compel certain written discovery and document production from Defendant. Before doing so, however, there is the predicate issue of whether to consider the Plaintiffs' reply, filed a day late in support of their motion.

#### a. Plaintiffs' Motion for Leave to File Tardy Reply [DE 90]

Plaintiffs' motion for an extension of time requests that the Court grant Plaintiffs an additional day to file their Reply in support of their Motion to Compel. [DE 82].

5

Defendant does not object to the requested extension, but opposes Plaintiffs' reply brief "as it raises new arguments not set forth" in their motion to compel discovery and "fails to cure the deficiencies [Defendant] identified in the opening brief." [DE 91 at 2].

Still, the Court may only grant extensions for good cause. *See* Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking amendment." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 831 (7th Cir. 2016) (quoting *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). Good cause exists when the movants show that "despite [their] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Further, given the timing of the instant motion, the Court must also find excusable neglect or another extraordinary reason to grant it. *See* N.D. Ind. L.R. 7-1(d)(3)(B). To find excusable neglect, the Court must consider all relevant circumstances surrounding Plaintiffs' neglect, including the prejudice to the non-movant, length of delay, and reason for delay, including whether it was within the movant's reasonable control and whether the movant acted in good faith. *See Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Here, Plaintiffs' counsel conveys that her colleagues threw her a surprise birthday party on the deadline for the reply and that caused her to miss this deadline.

The Court questions whether this rationale suffices to show excusable neglect, especially when considering that Plaintiffs' counsel was presumably aware of the briefing deadline when the motion to compel was filed since briefing deadlines in this

6

district are set automatically according to Local Rule 7-1(d). Still, the Court remains mindful of its obligation to ensure a just resolution of this case under Fed. R. Civ. P. 1. Upon review, the Court also finds that Plaintiffs' tardy Reply [DE 90-1] does not improperly raise new arguments in support of their motion. Given Defendant's agreement to the motion, the Court will grant it despite the paucity of good cause and lack of excusable neglect. Therefore, Plaintiffs' motion is granted and so Plaintiffs' tardy Reply [DE 90-1] will be considered. [DE 82].

     The parties' briefing related to Plaintiffs' requested one day extension also contains supplemental arguments directed towards whether a grant of Plaintiffs' motion to compel is proper. Specifically, Defendant's response in opposition and Plaintiffs' reply filed in support of Plaintiffs' motion for an extension of time also contain arguments regarding Plaintiffs' motion to compel. [*See* DE 91, DE 92 at 3-15]. N.D. Ind. L.R. 7-1 only allows for response and reply briefs; it does not contemplate the filing of sur-reply or sur-response briefs, which these arguments functionally are. N.D. Ind. L.R. 7-1(a), (d). Accordingly, "a party in this district may not file a supplemental brief as a matter of right—a party must first obtain leave of the court and make a showing of some factor justifying such a filing." *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 308-CV-00490, 2010 WL 3119487, at *5 (N.D. Ind. Aug. 5, 2010) (citing *Brunker v. Schwan's Home Serv., Inc.*, No. 2:04-CV-478, 2006 WL 3827046, at *2 (N.D. Ind. Dec. 27, 2006)). Defendant has not requested leave to supplement their response in opposition to Plaintiffs' motion to compel. Also, Plaintiffs have not requested leave to supplement their reply in support of their motion to compel.

7

Plaintiffs also have not demonstrated that any factor justifies consideration of the additional arguments in support of their motion to compel. However, these arguments are also inexplicably found in their reply in support of their motion for an extension. Therefore, the Court declines to consider these additional arguments.

Accordingly, the Court only considers Plaintiffs' motion to compel [DE 85], Defendant's response [DE 88], and Plaintiffs' reply [DE 90-1] in deciding Plaintiffs' motion.

### b. Plaintiffs' Failure to Engage in A Good-Faith Effort to Resolve Their Discovery Dispute

Plaintiffs' motion is fatally deficient because Plaintiffs did not follow the meet-and-confer requirements outlined in Fed. R. Civ. P. 37(a)(1) and Local Rule 37-1. When a party files a discovery motion, she must submit a certification explaining her good faith efforts to confer and resolve the discovery dispute without seeking court intervention. Fed. R. Civ. P. 37(a)(1); N.D. Ind. L. R. 37-1. Before a discovery dispute is brought to the Court's attention, the parties must attempt to resolve it among themselves. *See Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3rd Cir. 2003). Rule 26(c), Rule 37(a)(1), and Local Rule 37-1 all require counsel for the parties to attempt in good faith to resolve discovery disputes prior to filing discovery motions, and in furtherance of those goals, require movants to submit a certification explaining their good faith efforts to confer and resolve the discovery dispute without seeking court intervention. Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); N.D. Ind. L. R. 37-1.

8

Accordingly, all motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1). Local Rule 37-1 supplements Rule 37(a)(1)'s requirement. *Axis Ins. Co. v. Am. Specialty Ins. & Risk Services, Inc.*, Case No. 1:19-cv-00165-DRL-SLC, 2022 WL 21697161, at *11 (N.D. Ind. April 28, 2022). The Court may deny a motion to compel that fails to include the required certification. *See* N.D. Ind. L.R. 37-1(b).

Procedural shortcomings can be excused if the movant somewhat complied with the purpose of Rule 37-1 or if there is little doubt that the mandating compliance would simply delay the resolution of the parties' dispute. *Payne Jr. v. Indiana Department of Corrections*, Case No. 3:23-CV-0090-CCB-SJF, at *3 (N.D. Ind. June 23, 2025); *Washington v. Tovo*, No. 2:17-CV-128, 2018 WL 2126941, at *2 (N.D. Ind. May 9, 2018); *see also Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 335 (N.D. Ind. 2004) (plaintiffs' lack of compliance with predecessor to Rule 37-1 was not fatal because the motion reflected an effort to confer with the defendants). Plaintiffs ask this Court to excuse their lack of conferral on this basis. However here, Plaintiffs have not even attempted to confer with Defendant for the approximately two weeks left before fact discovery closed. Specifically, in their motion, Plaintiffs recollect conferral efforts related to their initial written discovery to Defendant [*see* DE 85 at 1-2, ¶¶ 1-2, 5-13], but do not detail their efforts related to their Amended Second Set of Interrogatories and Amended Second Request for Production of Documents, which their motion ostensibly concerns. [*See* DE 85 at 8-9, ¶¶ 43-45].

Further, Defendant details that it timely served responses to Plaintiffs' Second Set of Interrogatories and Second Set of Requests for Production, which it later supplemented on October 13, 2025. [DE 88 at 5, ¶¶ 10-12]. Defendant further conveys that it "did not receive any discovery dispute correspondence from Plaintiffs with regard to these responses to the second set of discovery" and that no-meet-and-confer was held prior to Plaintiffs' filing their motion on the day before fact discovery closed [DE 88 at 5, ¶¶ 10, 12] (emphasis omitted). Plaintiffs argue that their conferral throughout the entire discovery process satisfied the requirements. [DE 90-1, at 3]. Their earlier efforts do not; the meet and confer requirement encompasses "every motion concerning discovery." See *Imbody v. C & R Plating Corp.*, 2010 WL 3184392, Cause No. 1:08–CV–218, at *1 (N.D. Ind. Aug. 10, 2010). Plaintiffs cannot rely on their earlier efforts concerning their initial written discovery to encompass their second set of discovery to Defendants.

Accordingly, because Plaintiffs' counsel failed to undertake a good faith effort to informally settle this discovery dispute as required by Rule 37(a)(1) and Local Rule 37-1, Plaintiffs' motion to compel is denied.

### c. Substantive Deficiencies in Plaintiffs' Motion to Compel

Even if the Court were to excuse Plaintiffs' failure to follow these requirements, Plaintiffs' Motion to Compel Discovery remains fatally deficient in that it concerns certain written discovery that Plaintiffs fail to attach or sufficiently describe.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery when another party fails to adequately respond to certain

10

interrogatories or requests for production of documents. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv). However, the Court is unable to evaluate the Defendant's discovery responses where they are not included in the record. *See Broadfield v. Williams*, 16-092, 2017 WL 1370692, at *1 (C.D. Ill. Apr. 7, 2017); *Katsis v. Midland Credit Mgmt., Inc.*, No. 23-cv-1940, 2024 WL 6971084, at *2 (N.D. Ill. May 1, 2024) ("[T]he Court will not look through every discovery request, and only rules on those discovery responses specifically highlighted as inadequate in Plaintiffs' motion."). Because Defendant's discovery responses are not before the Court, it cannot determine whether or not they are well founded. *Lane v. Le Bronq*, No. 15 C 6177, 2017 WL 11884842, at *1 (N.D. Ill. Mar. 31, 2017).

Plaintiffs contend that Defendant's responses to written discovery are incomplete and evasive. [DE 85 at 1-2, ¶¶ 1-4]. Specifically, although Plaintiffs note that Defendant's amended responses to their Interrogatories and Requests for Production tendered to Defendant on November 25, 2024, are also deficient, Plaintiffs' motion chiefly concerns their Amended Second Set of Interrogatories and an Amended Second Request for Production tendered to Defendant on September 4, 2025. [DE 85 at 1, ¶ 3]. Plaintiffs contend that Defendant has improperly refused to produce relevant responsive documents and has improperly asserted blanket objections to Plaintiffs' requests. [DE 85 at 1, ¶ 5]. As noted by Defendant, Plaintiffs do not attach the written discovery or Defendant's responses to their motion.

In their motion, Plaintiffs assert that Defendant's objections are conclusory and improper. Plaintiffs do not point to any specific objection or objections. Plaintiffs also contend that Defendant failed to "provide responses to basic interrogatories and

11

document requests, such as comparative discipline data and expulsion records, demonstrates [sic] an ongoing disregard for discovery obligations." [DE 85 at 6, ¶ 24]. Plaintiffs do not point the specific responses they contend are deficient. Defendant attaches Plaintiffs' Amended Second Set of Interrogatories [DE 88-1 at 1-11] and Amended Second Request for Production [DE 88-1 at 12-20] to its response. Defendant's answers and responses are not attached, and Plaintiffs further failed to attach them to their reply. Therefore, the Court is at a loss as to what specifically is at issue with this written discovery.

For an illustrative example on how Plaintiffs' failure to attach written discovery prevents this Court from conducting any analysis, the Court turns to the parties' dispute on whether Plaintiffs improperly served more interrogatories than permitted by Fed. R. Civ. Pro. 33(a)(1) and the May 16, 2025, Scheduling Order [DE 63 at 2, ¶ 3]. Defendant argues that Plaintiffs' Amended Second Set of Interrogatories to Defendant exceed these limits, while Plaintiffs argue that some of their interrogatories contain subparts that do not figure into the maximum limit of 25 interrogatories. Without all of Plaintiffs' interrogatories to Defendant available, the Court lacks the proper information with which to resolve their dispute.

Accordingly, the Court denies Plaintiffs' motion [DE 85].

### d. Rule 37-1 Attorneys' Fees

Defendant also contends that Plaintiffs should be ordered to pay its reasonable attorneys' fees incurred in responding to the instant motion, contending that Plaintiffs lacked substantial justification to file it. Under Fed. R. Civ. P. 37(a)(2)(B),

12

> If a motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

As stated, Defendant maintains that no such justification exists here. Still, to ensure complete fulfillment of Rule 37's fee mandate, the Court will afford Plaintiffs an opportunity to be heard. Accordingly, Plaintiffs will be ordered to file a brief addressing the question of whether their motion to compel was substantially justified or whether other circumstances make an award of expenses unjust.

### IV. PLAINTIFFS' CONTESTED MOTIONS TO EXTEND THE DISCOVERY DEADLINE [DE 86, DE 96]

In their motions, Plaintiffs request that the Court extend the fact discovery and related deadlines. The deadlines found in the Court's scheduling order can only be extended for good cause. Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking amendment." *Empress Casino Joliet Corp.*, 831 F.3d at 831 (quoting *Trustmark Ins. Co.*, 424 F.3d at 553). Good cause exists when a movant shows that "despite [her] diligence the time table could not have reasonably been met." *Tschantz*, 160 F.R.D. at 571.

Plaintiffs request that the Court extend the fact discovery and related deadlines so that they may obtain written discovery Plaintiffs describe as critical before taking certain depositions in this case. [DE 86]. Plaintiffs argue that further good cause exists based on their pending motion to compel, and counsel's capacity to litigate this case. [*Id.*]. Plaintiffs' counsel's "November calendar was already committed to previously

13

scheduled matters, and December [was] a shortened litigation period due to holidays and school breaks, further limiting the ability to complete discovery within the original schedule." [DE 96 at 3]. Defendant in turn argues that an extension should not be granted because, Defendant argues, Plaintiffs have had plenty of opportunity to complete depositions but have chosen not to do so. [DE 87]. In support, Defendant provides examples of available deposition dates sent to Plaintiffs' counsel that were never responded to. [*Id.*]. Plaintiffs' counsel contends that counsel have had multiple conversations regarding availability. [DE 89]. Plaintiffs' additional motion requests an extension so that necessary depositions could be completed prior to mediation, currently set for March 18, 2026. [DE 96].

Plaintiffs provide sufficient good cause to warrant the extension. Based on Plaintiffs' efforts to obtain this written discovery from Defendants, and due to the Court's preference that cases be decided on the merits, the Court finds that there is good cause to extend certain deadlines set by this the Court's scheduling order. Accordingly, the Court grants Plaintiffs' motions.

V.  **CONCLUSION**

Accordingly,

- Defendant's Motion to Compel is **DENIED as MOOT** [DE 79], and Plaintiffs' Motion for an Extension of Time to Respond to Discovery is **DENIED as MOOT** [DE 82];

- Plaintiffs' Motion to Compel is **DENIED** [DE 85], and Plaintiffs are **ORDERED** to file a brief addressing the question of whether their motion to

compel was substantially justified or other circumstances make an award of expenses unjust, also by **March 6, 2026**; and

- Plaintiffs' Motion for Leave to Belatedly File Reply is **GRANTED** [DE 90];
- Finally, the Court **GRANTS** Plaintiffs' extension motions over Defendant's reasonable objections, based on good cause shown, as required by Fed. R. Civ. P. 16(b)(4). [DE 86] [DE 96]. The Court's Rule 16(b) Scheduling Order [DE 63 *as amended by* DE 95], is further **AMENDED** as follows:
    - Completion of Fact Discovery: February 28, 2026;
    - February 23, 2026, as the deadline for Plaintiffs to propound expert reports;
    - March 24, 2026, as the deadline for Defendant to propound expert reports;
    - Completion of all Discovery: June 15, 2026;
    - Nondispositive Motion Deadline: May 19, 2026;
    - Motions Deadline (Dispositive): July 22, 2026.

Consistent with the mandate of Fed. R. Civ. P. 1, the parties should anticipate that any future requests to modify these Rule 16(b) deadlines will not be considered favorably absent a showing of circumstances beyond the control of the parties and their inability to negotiate those circumstances in the exercise of due diligence. The parties are thus advised to diligently litigate this case and use the additional time granted efficiently.

If any discovery disputes remain after the parties have met their conferral requirements has been exhausted, they are free to file a new motion to compel, but the

moving party must concurrently file a certification showing that the requirements have been met. The movant must also attach a complete copy of the discovery responses that are deemed to be inadequate. A movant's own summary of those responses or excerpts of the responses will not be accepted. Any future discovery motion filed by either party that fails to comply with these requirements will be stricken without court action. Plaintiffs and Defendant are reminded of their general obligation to cooperate in discovery, *see* Fed. R. Civ. P. 37, and their special obligations as officers of the Court, Fed. R. Civ. P. 11; 28 U.S.C. § 1927. If either party fails to fully and promptly respond to any discovery request going forward, they risk the imposition of sanctions.

    **SO ORDERED** this 12th day of February 2026.

                                              s/Scott J. Frankel
                                              Scott J. Frankel
                                              United States Magistrate Judge